By the Court.—Andrews, J.
Section 7 of the act to amend the charter of the city of New York, passed in 1857 (Laws of 1857, ch. 446), after providing for the organization of the two boards of the common council, proceeds as follows :
“All resolutions and reports of committees which *169 shall recommend any specific improvement involving the appropriation of public moneys, or the taxing or assessing the citizens of the city, shall be published immediately after the adjournment of. the board, under the authority of the board, in all the newspapers employed by the corporation, and shall not be passed ór adopted until after such notice has been published at least two days.”
The manifest design of this provision was to apprise the tax-payers of the city, in the manner pointed out by the statute, of any contemplated improvement involving expenditure and taxation, before it should be directed by the common council, that by a remonstrance or suggestion the proposed action might -be prevented or modified.
. The prohibition against passing an ordinance involving expenditure, until the required publication should be made, was a limitation upon the power of the common council. There is no room for the suggestion that this clause of the section was directory. It was plainly mandatory, and a compliance with it was essential to the legal exercise by the corporate authorities of the power to authorize and direct local improvements, or to subject the property of citizens to assessment therefor. Municipal, like private corporations, must act within the limitation prescribed by the sovereign power, and they cannot impose a charge upon the person or property of individuals, unless they proceed in the manner prescribed by law (Stepson v. Kempton, 13 Mass., 272; Smith on Stat, 789; Sharp v. Spear, 4 Hill, 76). The publication referred to in the last clause of the section is the publication first spoken of,—viz: a publication in all the newspapers employed by the corporation. This is the natural construction, and it meets the design of the law, which was, not only to provide that notice should be given by publication, but to define, by a uniform rule, the na *170 ture and extent of the publication to be made. If, therefore, the resolution recommending the improvement for regulating and grading Sifffcy-fourth-street was not published, before it was passed by the respective boards of the common council, in all the newspapers employed at that time by the corporation, the ordinance directing it was void, and the assessment of the plaintiff on account of it was unauthorized.
By chapter 227 of the Laws of 1863, the corporate authorities of the city are prohibited from paying from money raised by tax or assessment, any sum for advertising, except for advertisements in 'newspapers authorized by the mayor and comptroller, and it is made th'eir duty to designate not less than four papers in which advertisements may be inserted. When the proceedings for regulating Sixty-fourth-street were taken, there were four papers which had been designated under the statute for the purpose therein stated. The designation was general in • terms, but under it the practice had been to publish the separate proceedings of each board of the council in two only of such papers, and the final complete proceedings of the joint boards in the others.
The resolution for regulating and grading Sixty-fourth-street was published before its passage in but two of the designated papers. This was, we think, a plain violation of the statute. The papers designated' by the mayor and comptroller became, by such designation, and by actual employment of them by the council for advertising purposes, official papers of the corporation. The statute required publication of the resolution referred to in all papers employed by the corporation. The extent to which these papers, or any of them, should be employed by the council is, in the absence of any statutory rule, in the discretion of the corporation; but in respect to notice of proceedings mentioned in section 7 of the charter of 1857, the stat- *171 lite prescribed what publication should be made. It was not intended to leave the matter to the determination of the common council in each particular case. The council can determine how many of the papers designated by the mayor and comptroller shall be employed to do the public advertising, but the statute requires that in ah of these thus employed, resolutions proposing specific improvements involving taxation should be published before final action upon them.
The conclusion is that the grading of Sixty-fourth-street was passed in violation of law, and that the assessment based upon it was void.
The order of the general term should be reversed.